# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, et al.,<br><br>            Plaintiff,<br><br>     vs.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants. | 1:13-cv-00119-GSA-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS HUNT, DIAZ, BAUMGAERTEL, AND GEHRKE<br><br>THIRTY DAY DEADLINE FOR ALL FIVE PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT IN THEIR OWN CASES<br><br>FORTY-FIVE DAY DEADLINE FOR PLAINTIFFS HUNT, DIAZ, BAUMGAERTEL, AND GEHRKE TO EACH SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEES, IN THEIR OWN CASES |

**I.     BACKGROUND**

Plaintiffs, Thomas Goolsby, Kevin Hunt, Paul Diaz, David Baumgaertel, and Jesse Gehrke (collectively, "Plaintiffs"), are state prisoners or former state prisoners proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs filed the Complaint commencing this action on January 25, 2013.  (Doc. 1.)

///

1

## II. SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiffs' claims shall be severed; Plaintiff Goolsby shall proceed as the sole plaintiff in this action; and new actions shall be opened for Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of the Plaintiffs will be severed, each of the five Plaintiffs shall be given thirty days to file, in his own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of

meeting this plausibility standard.  Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969.  Each amended complaint must specifically state how each Defendant is involved.  Each Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke shall also be required to submit applications to proceed in forma pauperis or pay the $350.00 filing fee for their own actions, within forty-five days.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after January 25, 2013.  In addition, Plaintiffs should take care to include only those claims that have been exhausted prior to the initiation of this suit on January 25, 2013.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Goolsby shall proceed as the sole plaintiff in case number 1:13-cv-00119-GSA-PC;
2. The claims of Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke are severed from the claims of Plaintiff Goolsby;
3. The Clerk of the Court is directed to:
    a. Open separate § 1983 civil actions for these Plaintiffs:

        (1)    Kevin Hunt, K-83503  
                    California Correctional Institution  
                    P.O. Box 1902  
                    Tehachapi, CA 93581

        (2)    Paul Diaz, E-18689  
                    California Correctional Institution  
                    P.O. Box 1906  
                    Tehachapi, CA 93581

        (3)    David Baumgaertel, P-46291  
                    14918 Nokomis Rd.  
                    Apple Valley, CA 92307

        (4)    Jesse Gehrke, K-36398  
                    California Correctional Institution  
                    P.O. Box 1906  
                    Tehachapi, CA 93581

    b.    Assign the new actions to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c.    File and docket a copy of this order in the new actions opened for Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke;

    d.    Place a copy of the Complaint (Doc. 1), which was filed on January 25, 2013 in the instant action, in the new actions opened for Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke;

    e.    Send each of the five Plaintiffs an endorsed copy of the Complaint (Doc. 1), filed on January 25, 2013, bearing the case number assigned to his own individual action;

    f.    Send each of the five Plaintiffs a § 1983 civil rights complaint form; and

    g.    Send to Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke an application to proceed in forma pauperis;

6.    Within **thirty (30) days** from the date of service of this order, the five Plaintiffs shall each file an amended complaint bearing his own case number;

7.    Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT" and be an original signed under penalty of perjury;

///

8. Within **forty-five (45) days** from the date of service of this order, Plaintiffs Hunt, Diaz, Baumgaertel, and Gehrke shall each submit an application to proceed in forma pauperis, or payment of the $350.00 filing fee, in his own case; and

9. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated:   **May 1, 2013**                           **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE