UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>       Plaintiff,<br><br>    vs.<br><br>MATTHEW CATE, et al.,<br><br>       Defendants. | 1:13-cv-00119-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(Doc. 13.)<br><br>ORDER VACATING COURT'S ORDER ISSUED ON MAY 3, 2013<br>(Doc. 10.)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 2.)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION |

**I.    BACKGROUND**

       Thomas Goolsby ("Plaintiff") is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  The Complaint commencing this action was filed on January 25, 2013. (Doc. 1.)

       On January 25, 2013, Plaintiff filed an application to proceed in forma pauperis.  (Doc. 2.)  On May 3, 2013, the court issued an order denying Plaintiffs' application, and requiring him to pay the $350.00 filing fee for this action in full within thirty days.  (Doc. 10.)  On June 5, 2013, Plaintiff filed a motion for reconsideration of the court's order.  (Doc. 13.)

## II. MOTION FOR RECONSIDERATION

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

## III. DISCUSSION

Plaintiff argues that the court should grant his application to proceed in forma pauperis because he lacks sufficient funds to pay the $350.00 filing fee in full. Plaintiff submits a copy of his prison trust account statement reflecting deposits and withdrawals from May 7, 2012 to May 4, 2013. (Doc. 13 at 4-23.) Plaintiff argues that his account has never had a balance of $350.00 or more since he filed this action on January 25, 2013. Plaintiff asserts that the balance of his account was temporarily high because he received a $1,000 settlement from a separate case in October 2012, but ordinarily he only receives periodic gifts of $50.00 - $75.00 for hygiene and stationery supplies and other obligations.

Pursuant to 28 U.S.C. § 1915, a court may authorize the commencement of a case without prepayment of fees by a prisoner who submits "an affidavit that includes a statement of

all assets such prisoner possesses that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1).  In addition to filing the affidavit, the prisoner must also "submit a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the complaint."  Id.  Prisoners proceeding in forma pauperis are required to pay the full amount of a filing fee, which the court collects from the prisoner's trust account when funds are available, pursuant to § 1915(b).  28 U.S.C. § 1915(b)(1),(2).  "In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." 28 U.S.C. § 1915(b)(4).

When this case was filed on January 25, 2013, Plaintiff submitted an application to proceed in forma pauperis and a certified copy of his prison trust account statement showing deposits, withdrawals, and balances for the 6-month period from July 1, 2012 to December 24, 2012.  (Doc. 2.)  For the 6-month period reflected, Plaintiff's average monthly deposits were $220.83, and his average monthly balance was $628.41.  (Id. at 5.)  On December 24, 2012, Plaintiff's account had a balance of $475.77.  (Id. at 9.)  Plaintiff did not submit any account information for the time period after December 24, 2012.  Based on Plaintiff's application and trust account statement, the court denied the application and ordered Plaintiff to pay the $350.00 filing fee in full for this action within thirty days.  (Doc. 10.)

Plaintiff now submits new facts which were not shown upon his prior motion. Plaintiff's new evidence shows that on January 25, 2013, the date this case was filed, his trust account contained a balance of $342.40.[1]  (Doc. 13 at 18.)

Plaintiff's new evidence shows that at the time he filed this action, he was unable to pay the $350.00 filing fee in full for this action.  Therefore, Plaintiff's motion for reconsideration shall be granted, the court shall reverse its prior decision, and Plaintiff's application to proceed in forma pauperis shall be granted.  As discussed above, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. 1915(b)(1).  Plaintiff is obligated to

---

[1] Moreover, between January 2013 and May 4, 2013, the balance in Plaintiff's account gradually fell to $96.16.  (Doc. 13 at 18-22.)

3

make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account, and the California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV.  CONCLUSION

In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on June 5, 2013, is GRANTED;
2. The court's order of May 3, 2013, which denied Plaintiff's application to proceed in forma pauperis and required Plaintiff to pay the $350.00 filing fee in full for this action within thirty days, is VACATED;
3. Plaintiff's application to proceed in forma pauperis, filed on January 25, 2013, is GRANTED;
4. **The Director of the California Department of Corrections and Rehabilitation (CDCR) or his designee shall collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action;**
5. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's in forma pauperis application on the Director of the CDCR, via the court's electronic case filing system (CM/ECF); and

///

///

6.      The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated: **June 6, 2013**     **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE