UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>        Plaintiff,<br><br>    vs.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | 1:13-cv-00119-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRESERVE RECORDS<br>(Doc. 37.) |

## I.   BACKGROUND

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 25, 2013, Plaintiff and four co-plaintiffs filed the Complaint commencing this action. (Doc. 1.)   The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on May 2, 2013, severing the plaintiffs' claims, directing the Clerk to open new cases for each of the four co-plaintiffs, and requiring each plaintiff to file an amended complaint in his own case. (Doc. 9.)  Thomas Goolsby is now the sole plaintiff in this case.

On February 11, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On September 25, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 31.)  The court screened the First Amended Complaint and issued an order on May 21, 2014, requiring Plaintiff to either file a Second Amended Complaint or notify the court of his willingness to proceed with the claims found cognizable by the court.  (Doc. 33.)

On June 6, 2014, Plaintiff filed the Second Amended Complaint.  (Doc. 34.)  On March 24, 2015, the court issued an order permitting Plaintiff to proceed with the cognizable claims found by the court in the Second Amended Complaint, and sending Plaintiff service documents to complete and return to the court within thirty days.  (Doc. 36.)

On March 26, 2015, Plaintiff filed a motion to compel the defendants to preserve records.  (Doc. 37.)

## II.  SPOLIATION OF EVIDENCE

"Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)).  "Litigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ."  JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted).  Further, the destruction of evidence is sanctionable conduct.

Plaintiff requests the court to compel the defendants to preserve all evidence relevant to this action.  Plaintiff expresses concern that the Second Amended Complaint, filed on June 3, 2014, has not yet been served on defendants.[1]

Given the duty to preserve evidence, Plaintiff's motion shall be denied.  The Court declines to presume that the defendants will destroy evidence.  Moreover, because none of the

---

[1] Plaintiff is advised to complete and return the service documents as soon as possible to initiate service of process.

defendants have appeared in this action, the court lacks jurisdiction to issue an order compelling them to act. <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel the defendants to preserve records, filed on March 26, 2015, is DENIED.

IT IS SO ORDERED.

   Dated:   **March 30, 2015**                                **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE