UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>   vs.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | 1:13-cv-00119-DAD-EPG-PC<br><br>SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON DECEMBER 11, 2015<br><br>ORDER RESOLVING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br>(ECF No. 58.)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR COURT TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, WITHOUT PREJUDICE TO FILING ALL-INCLUSIVE MOTION ON OR BEFORE MARCH 8, 2016<br>(ECF No. 66.)<br><br>ORDER DENYING MOTION FOR STAY<br>(ECF No. 70.)<br><br>ORDER FOR PARTIES TO EXCHANGE DISCOVERY AS DISCUSSED BY THIS ORDER<br><br>**Settlement Conference**:<br>         **Monday, August 1, 2016**<br>         **10:00 a.m.**<br>         **Settlement Judge TBD**<br><br>**Confidential Settlement Conference**<br>**Statements Due**:   **July 25, 2016** |

## I.   BACKGROUND

Plaintiff, Thomas Goolsby ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed

on January 25, 2013. (ECF No. 1.) The case now proceeds with the Second Amended Complaint filed on June 6, 2014, on Plaintiff's Eighth Amendment claims against defendants Warden Kimberly Holland, Warden Michael Stainer, and Captain J. Lundy, for denial of adequate outdoor exercise time; and defendants Captain J. Lundy, Sergeant S. Foster, Plumlee (Maintenance Supervisor), Warden Kimberly Holland, Correctional Officer Jordon, and Correctional Officer Uribe, for deliberate indifference to unsanitary and unsafe conditions.[1] (ECF No. 34.) The events at issue allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, during a thirteen-month period while Plaintiff was incarcerated there in segregated housing.

This case is now in the discovery phase, pursuant to the Court's amended discovery and scheduling order filed on December 8, 2015. (ECF No. 64.) Pending are Plaintiff's motion to compel filed on November 30, 2015 (ECF No. 58), Defendants' motion to declare Plaintiff a vexatious litigant filed on December 10, 2015 (ECF No. 66), and Defendants' motion to stay discovery pending the Court's ruling on the motion to declare Plaintiff a vexatious litigant (ECF No. 70).

## II.   STATUS CONFERENCE

On December 11, 2015 at 10:00 a.m., a telephonic status conference was held before Magistrate Judge Erica P. Grosjean. Plaintiff appeared telephonically on his own behalf, and Deputy District Attorney R. Lawrence Bragg appeared telephonically on behalf of Defendants.

### Discovery

The parties discussed discovery for this case, including Plaintiff's pending motion to compel, and narrowed the discovery to be exchanged between the parties. Defendants agreed to produce (1) copies of policies and procedures in effect at CCI governing inmates' exercise and prison sanitation issues during the relevant thirteen-month period, including but not limited to copies from CDCR's Department Operations Manual (DOM) and the CCI supplement to the DOM; (2) any other written documents concerning Plaintiff's allegations of inadequate

---

[1] On March 24, 2015, the Court issued an order dismissing all other claims and defendants from this action, for Plaintiff's failure to state a claim under § 1983. (ECF No. 36.)

exercise during the relevant time period, including but not limited to exercise logs, yard records, Administrative Segregation logs and regulations, housing ledger log books, and inmate location/movement logs; (3) any other written documents concerning the overflowing toilets, leaking roof, and presence of mold at issue in this case, including but not limited to memos, requests for repair or assistance, work orders, and documentation of repairs or clean-up. Defendants are not required to produce copies of Title 15 regulations, as Plaintiff indicated that he has access to them.  Plaintiff is required to produce any relevant documents that Defendants do not have.  Defendants may serve up to five interrogatories to determine what days Plaintiff was not allowed adequate exercise, and what days Plaintiff experienced roof leaks, toilet overflow, and mold.  Plaintiff is required to respond to these interrogatories without objections and to provide Defendants with any relevant personal diaries or logs kept by Plaintiff. Defendants agreed to conduct a search of emails sent and received by prison officials concerning roof, toilet, and mold issues at CCI during the relevant time period.  Defendants are not required to search back-up records of emails.  After the email search, Defendants shall send a letter to Plaintiff informing him of the search made, what was found, and what could not be recovered.  The parties should refer to the Court's December 8, 2015 Scheduling Order for rules and deadlines for conducting discovery.

Defendants are not required to respond to any discovery served by Plaintiff before December 11, 2015.  However, Plaintiff may serve narrowed requests if reasonable, and Defendants shall use good faith in responding.  The Court ordered the parties to alert the Court to any discovery disputes that may arise, before they file a motion to compel.

### Motion to Declare Plaintiff a Vexatious Litigant, Motion for Stay

The parties discussed Defendants' pending motion to declare Plaintiff a vexatious litigant, filed on December 10, 2015.  In light of multiple threshold issues to be decided in this case, Defendants are required to file a new, all-inclusive motion by March 8, 2016, addressing all pending issues not concerning the merits of this case, such as the vexatious litigant issue, exhaustion of remedies, statutes of limitations, and the requirements for Plaintiff to bring tort claims.  Defendants' pending motion to declare Plaintiff a vexatious litigant shall be denied

without prejudice to filing the all-inclusive motion. The Court found no good cause to stay discovery in this action.

**<u>Settlement Conference</u>**

In anticipation of settlement proceedings at a later stage of the case, a Settlement Conference was scheduled for August 1, 2016, to be held before Magistrate Judge Grosjean or another Magistrate Judge. Defense counsel agreed to consult with Defendants to determine if they are agreeable to Magistrate Judge Erica P. Grosjean presiding over the Settlement Conference, and to report back to the Court within three weeks by contacting Courtroom Deputy Amanda Martinez. If Plaintiff wishes to request a settlement judge other than Magistrate Judge Grosjean, Plaintiff shall notify the Court within three weeks by sending a letter to the Court. The parties' confidential settlement conference statements shall be due one week before the settlement conference, no later than July 25, 2016.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and for sanctions, filed on November 30, 2015, is RESOLVED;
2. Defendants' motion to declare Plaintiff a vexatious litigant, filed on December 10, 2015, is DENIED, without prejudice to filing an all-inclusive motion by March 8, 2015, as discussed in this order;
3. Defendants' motion to stay discovery in this action, filed on December 10, 2015, is DENIED;
4. The parties are ordered to exchange reasonable discovery as instructed by this order;
5. A Settlement Conference is scheduled for August 1, 2016, at 10:00 a.m., before a United States Magistrate Judge;
6. The parties shall submit settlement conference statements one week before the Settlement Conference, no later than July 25, 2016;

///

7. Within three weeks of the date of this order, Defense Counsel shall report back to Courtroom Deputy Amanda Martinez after consulting with Defendants to determine if they are agreeable to Magistrate Judge Erica P. Grosjean presiding over the Settlement Conference; and

8. If Plaintiff wishes to request a settlement judge other than Magistrate Judge Erica P. Grosjean, Plaintiff shall notify the Court within three weeks of the date of this order by sending a letter to the Court.

IT IS SO ORDERED.

Dated:   **December 15, 2015**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE