1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>   Plaintiff,<br><br> vs.<br><br>MATHEW CATE, et al.,<br><br>   Defendants. | 1:13-cv-00119-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT<br>BE DENIED<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT DEFENDANTS'<br>MOTION FOR AN ORDER REQUIRING<br>SECURITY FROM A VEXATIOUS<br>LITIGANT BE DENIED |

## I. BACKGROUND

Plaintiff Thomas Goolsby, along with Kevin Hunt, Paul Diaz, David Baumgaertel, and Jesse Gehrke, state prisoners and former state prisoners proceeding *pro se*, commenced this action on January 25, 2013, against Defendants Holland, Stainer, Lundy, Foster, Plumlee, Uribe, and Jordan (collectively "Defendants"). (ECF No. 1.)

On May 2, 2013, the Court issued an order severing the claims and requiring each plaintiff to file an amended complaint for their own actions within thirty days. (ECF No. 9.) On June 5, 2013, Plaintiff Thomas Goolsby ("Plaintiff") appealed the court's order to the Ninth Circuit Court of Appeals. (ECF No. 14.) On June 5, 2013, the Court stayed this action pending resolution of Plaintiff's appeal. (ECF No. 20.) Plaintiff's appeal was resolved, and on September 23, 2013, the stay was lifted. (ECF Nos. 24, 25, 26.) On September 25, 2013, Plaintiff filed the First Amended Complaint. (ECF No. 31.) Plaintiff is now the sole plaintiff in this case.

On May 21, 2014, the Court screened Plaintiff's First Amended Complaint and issued an order requiring Plaintiff to file a Second Amended Complaint that corrected the deficiencies found. (ECF No. 33.) On June 6, 2014, Plaintiff filed the Second Amended Complaint. (ECF No. 34.) On March 24, 2015, the Court screened Plaintiff's Second Amended Complaint and found that it states certain cognizable claims.[1] (ECF No. 36.) This case now proceeds on the Second Amended Complaint, on Plaintiff's Eighth Amendment claims against Defendants Holland, Stainer, and Lundy, for denial of adequate outdoor exercise time; and Defendants Lundy, Foster, Plumlee, Holland, Uribe, and Jordan for deliberate indifference to unsanitary and unsafe conditions stemming from failing to respond reasonably to known conditions including defective plumbing, dripping water, mold, and flooding in Plaintiff's cell.

Because the Court found certain cognizable § 1983 claims in screening the Second Amended Complaint, the Court exercised supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims. The Court made no determination about the viability of Plaintiff's state law claims that related to general negligence, premises liability, violation of the Bane Act, and failing to comply with rules and policies.

On March 8, 2016, Defendants filed a Rule 56 motion for summary judgment, or in the alternative, partial summary judgment. (ECF No. 74.) In that same motion, Defendants included a motion for an order requiring security from a vexatious litigant. On March 25, 2016, Plaintiff filed an opposition to the motion.[2] (ECF No. 76.) On April 1, 2016, Defendants filed a reply. (ECF No. 77.) Defendants' motion is now before the Court. Local Rule 230(*l*).

\\\

\\\

---

[1] On March 24, 2015, the Court dismissed all other claims and defendants, including those pertaining to inadequate exercise area, from this action based on Plaintiff's failure to state a claim. (ECF No. 36.) Additionally, because Plaintiff has now filed two complaints, the Court found that the deficiencies found in the screening order were not capable of being cured by amendment and that leave to amend was not to be granted.

[2] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the custody of California Department of Corrections ("CDCR"), presently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California. The events at issue in the Complaint allegedly occurred at California Correctional Institution ("CCI"), when Plaintiff was incarcerated there. Plaintiff's factual allegations follow.

From February 11, 2011 through March 27, 2012, Plaintiff was housed in the segregated housing unit ("SHU") at CCI. During the thirteen months he was housed in SHU, Plaintiff's exercise time averaged around 12 minutes per day. Additionally, Plaintiff's exercise area amounted to a 150 square foot metal cage, which was only 25 square feet larger than Plaintiff's cell. The small size of the exercise area was such that Plaintiff was unable to run, jog, or walk laps. Plaintiff repeatedly requested that he be provided adequate exercise time and an adequate exercise area; however, these requests were denied. Plaintiff suffered serious physical injuries and psychological injuries.

Baffles that eroded with time created a back-flowing problem within the cells at CCI. Sewage from the toilet of one cell fills the toilet of another cell each time the toilet is flushed. The toilets lack covers, and each time a prisoner flushes toilet waste, sewage particles fly into the air. Plaintiff was forced to eat every meal in his cell in these conditions. Plaintiff wrote Defendants and made each of them aware of the unsanitary conditions. Plaintiff requested that if he could not get the toilets fixed immediately, that he at least have access to a scrub pad, gloves, and cleaner, in order to sanitize his cell. Plaintiff's requests went unanswered. Plaintiff contracted a skin infection and stomach illness which caused him pain, itching, burning, and suffering.

In November 2011, Plaintiff was placed in a cell that had a leaking roof. The leaking was constant, and Plaintiff observed mold patches all along the five to six foot crack in his ceiling. Plaintiff submitted numerous work orders and complained directly to numerous Defendants, however, the leak was never fixed. Plaintiff slipped and fell on the concrete floor, which resulted in a back injury. Plaintiff also suffered respiratory injuries.

Plaintiff requests monetary damages as relief.

### III.       MOTION FOR SUMMARY JUDGMENT

      **A.     <u>Legal Standard</u>**

      Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Washington Mutual Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

      Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. <u>In re Oracle Corp. Securities Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). If Defendant meets his or her initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." <u>Id.</u> (citing <u>Celotex Corp.</u>, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." <u>Id.</u> (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)).

      In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless</u>, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011), cert. denied, 132 S.Ct. 1566 (2012). The Court determines only whether

there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

## B.    Failure to Exhaust an Available Administrative Remedy

Initially, Defendants argued that Plaintiff's Appeals were not filed timely making them procedurally deficient, and therefore, Plaintiff failed to properly exhaust an administrative remedy.[3]    However, confronted with clear law, Defendants withdrew the argument. Defendants' Reply, p. 2. (ECF No. 77.) The Court briefly summarizes the issue for the record below, and for the potential relevance to other issues pending in this motion.

Defendants allege that Plaintiff first became aware of the inadequate exercise time, toilet backflow, and mold and leaking roof issues when he first arrived to SHU on February 11, 2011. Defendants assert that Plaintiff: (1) did not submit his inadequate exercise time Appeal until December 17, 2011; (2) did not submit his toilet backflow Appeal until September 4, 2011; and (3) did not submit his mold and leaking roof Appeal until January 24, 2012. (RJN Exhs. N, P, R.) Because these grievances were filed more than thirty days after the time these continuing issues were first noticed, Defendants initially claimed Plaintiff's case should be dismissed for non-exhaustion.

It is undisputed that Plaintiff's appeals were heard on the merits. (RJN Exhs. N, P, R.) Plaintiff properly cites to Reyes v. Smith, which recently held that the failure to name defendants or comply with any procedural requirements does not bar a claim if an Appeal is heard on the merits by prison officials. 810 F.3d 654, 659 (9th Cir. 2016). Courts tend to agree that if the public entity accepted the Appeal, and weighed in on the merits, the administrative remedy is properly exhausted. Given that Plaintiff's appeals were accepted by CCI's Appeals Coordinator, and heard on the merits, the Court finds that Plaintiff properly exhausted the appropriate administrative remedies in regards to his appeals.

Defendants' motion for summary judgment as to their argument pertaining to Plaintiff's

---

[3] In support, Defendants submit Plaintiff's Appeals and Declarations from Defendants and CCI's Appeals Coordinator, supporting this version of events under penalty of perjury. (Request for Judicial Notice ("RJN") Exhs. N, P, R, V, W.)

failure to exhaust administrative appeals has now been withdrawn.

###### C.   Failure to Comply with the California Government Claims Act

Defendants next argue that Plaintiff's inadequate exercise time and leaking roof Government Claims were submitted too long after the first time these continuing issues arose, and failed to name individual prison officials responsible for these prison conditions. For these reasons, Defendants argue that Plaintiff's claims of negligence and violation of the Bane Act should be dismissed on summary judgment.

In opposition, Plaintiff maintains that his Government Claims pertaining to inadequate exercise time and a leaking roof, like his appeals, were accepted and heard on the merits. (RJN Exhs. O, S.) Additionally, the Government Claims Board never refused to accept either claim for failure to name defendants. (RJN Exhs. O, S.) As to Defendants' argument that Plaintiff waited too long to file his lawsuit after learning of his leaking roof Government Claim denial, Plaintiff maintains that summary judgment should be denied because the limitations period was tolled while he was exhausting administrative remedies.[4]

###### 1.   Legal Standard

The requirement to submit a Government Claim is a separate requirement from the requirement to exhaust an available administrative remedy, both of which must be satisfied before suit can be filed. LaCava v. Merced Irrigation Dist., 2012 U.S. Dist. LEXIS 36050 *39 (E.D. Cal. March 16, 2012). The Government Claim requirement applies to Plaintiff's claims of negligence under California law and violation of the Bane Act, California Civil Code section 52.1, with respect to the alleged denial of exercise time and roof leaks. The California Government Claims Act requires that before a claim for money or damages is brought against a

---

[4] In addition to his equitable tolling argument, Plaintiff alternatively contends that summary judgment should be denied based on the doctrine of substantial compliance. The late filing of a suit may not be excused based on the doctrine of substantial compliance. Lopez v. Cate, 2015 U.S. Dist. LEXIS 36105 *44 (E.D. Cal. March 23, 2015) (citing Hunter v. Cnty. of Los Angeles, 262 Cal.App.2d 820, 821-22, (Cal. Ct. App. 1968)); Orr v. City of Stockton, 150 Cal.App.4th 622, 636 (Cal. Ct. App. 2007); Ard v. County of Contra Costa, 93 Cal.App.4th 339, 346 (Cal. Ct. App. 2001) (liberality of claims statutes does not extend to prescribed statutes of limitation, which are mandatory and require strict compliance). As such, this Court does not address the argument herein.

state entity, the claim must have first been presented to, and acted upon or rejected by, the Victims Compensation and Government Claims Board ("VCGCB"). Cal. Gov. Code § 945.4. A plaintiff must plead compliance with this act in his complaint or be subject to dismissal for failure to state a claim. Mangold v. California Pub. Utils. Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Under Government Code section 911.2(a), a Government Claim must be submitted within six months of the accrual of the cause of action.

Based on the doctrine of equitable tolling, the running of the six-month limitations period under the California Government Claims Act can be suspended in certain instances. Addison v. State, 21 Cal.3d 313, 316 (1978). As the court in Addison held, "occasionally and in special situations, the foregoing statutory procedure does not preclude application of the equitable tolling doctrine, the purpose of which is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Id. "In the case of a [prisoner] who has acted in good faith to pursue his claims, the balance tips sharply in favor of equitable tolling the statute of limitations to ensure fundamental practicality and fairness." Jones v. Blanas, 393 F.3d 918, 929 (9th Cir. 2004) (internal quotations omitted). Application of the doctrine of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. at 928 (internal punctuation omitted).

## 2.   **Discussion**

In regards to Plaintiff's inadequate exercise time Claim, Defendants allege that Plaintiff knew of the issue and alleged injury beginning on February 11, 2011, the first time these continuing problems took place, but that a Claim was not submitted until August 20, 2012. (RJN Ex. O.) Additionally, the Claim also failed to list the names of the staff members involved.

Though there is dispute as to whether the claims were procedurally deficient, it is undisputed that Plaintiff did file Government Claims pertaining to inadequate exercise time and a leaking roof. (RJN Exhs. O, S.) The claim intake letters, provided by Defendants, each state that "The VCGCB will act on your claim at the . . . hearing. You do not need to appear at this

hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further." (RJN Exhs. O, S.) These letters sufficiently show that Plaintiff's Government Claims, at the very least, were allowed to proceed to a hearing before the Government Claims Board. Therefore, irrespective of any procedural deficiencies, the Government Claims Board accepted Plaintiff's claims and did not reject them for being late.

The issue of when a claim accrues in the case of a continuing violation is not a clear one. Where a temporary and brief leak in a roof (or any of the other alleged problems) may not rise to the level of a constitutional violation, a continued and unfixed leaky roof over a long period of time may. The Court is not persuaded that the claim for such continuing violations began to accrue on the first day the issue was noticed. In the end, the Court looks to the fact that the Government Claims Board accepted Plaintiff's complaint without finding it deficiently late. The Court does not find any case precedent establishing applicable law related to deficient Government Claims that are nonetheless accepted and heard on the merits. Nonetheless, the Court finds that the same principle regarding deficient administrative appeals heard on the merits, discussed above, is guiding here for the same reason. The principle, provided by the court in Reyes, contends that the failure to name defendants or comply with any procedural requirements does not bar a claim if an Appeal is heard on the merits by prison officials. 810 F.3d at 659. The Court finds that, if the public entity accepted the Claim and weighed in on the merits, procedural deficiencies are no longer at issue. It also suggests that the Government Claims Board may not have found the complaint to be procedurally deficient at all, perhaps because it was submitted sufficiently soon after the issues became continuing and unremediated to rise above a mere temporary inconvenience.

We next turn to the issue of how soon Plaintiff filed the complaint compared to when the Government Claims Board authorized litigation. It is undisputed that Plaintiff's Government Claim pertaining to mold and a leaking roof was rejected on May 25, 2012. (RJN Ex. S.) It is further undisputed that Plaintiff did not initiate this action until January 25, 2013, eight months later. (ECF No. 1.) See also Wright v. State, 122 Cal.App.4th 659, 670-71 (2004) (the period of administrative exhaustion tolled "the six-month time limit for filing a court

8

action after the Board of Control rejects a government tort claim"). As Plaintiff's Complaint was filed two months outside of the six-month limitations period provided by the California Government Claims Act, the question before the Court is whether Plaintiff's cause of action survives Defendants' motion for summary judgment based on the doctrine of equitable tolling.

Plaintiff argues that he did not file his complaint earlier because the prison grievance process had not yet ended. In other words, if he filed his complaint within six months from clearance from the Government Claims Board, it would have been subject to dismissal for failure to exhaust administrative remedies. Plaintiff provides evidence that: (1) Plaintiff filed his leaking roof Appeal on January 24, 2012; (2) the Appeal was cancelled at the third level on August 6, 2012 due to Plaintiff being transferred from CCI to PBSP; (3) Plaintiff filed an appeal of the cancellation on August 16, 2012; and (4) the third level denied Plaintiff's cancellation appeal on October 8, 2012. (Plaintiff's Opposition, Ex. I.) Though his Government Claim was rejected on May 25, 2012, Plaintiff was still appealing the cancellation of his leaking roof Appeal through October 8, 2012. If Plaintiff had brought his cause of action after his government claim was exhausted on May 25, 2012, but before his appeal was exhausted on October 8, 2012, Defendants undoubtedly would have moved to dismiss the action on the ground that Plaintiff had failed to exhaust an administrative remedy.

At oral argument, defense counsel was not familiar with the specific facts regarding when Plaintiff's appeal was completed and why it was cancelled initially. Nevertheless, defense counsel conceded that a complaint filed when an administrative appeal was pending for the underlying grievance would be subject to dismissal for non-exhaustion. When asked what an inmate should do to have his claim heard on the merits if the grievance process was continuing when the six month period after Government Claims clearance had expired, defense counsel could not provide any guidance other than to say that they were independent requirements.

Thus, it appears that if the doctrine of equitable tolling is not permitted here, Plaintiff would be subjected to an administrative catch-22. If Plaintiff were to have filed within 6 months of the Government Claims clearance, his complaint would have been dismissed for

failure to exhaust administrative remedies.  Because he waited until the grievance process finished, he faces dismissal under Government Code section 911.2(a).

Under these specific circumstances, the Court finds that equiptable tolling should apply and permit Plaintiff to delay filing his complaint until his administrative remedies have been exhuasted.  The injustice to Plaintiff that would be occasioned by the bar of his claims far outweighs any effect upon the public interest or policy expressed by the limitations statute. The principal purposes of the limitations period "are to give notice to the [public entity] in order that it be afforded a timely opportunity to investigate the claim and determine the facts," and "to avoid unnecessary lawsuits by giving [it] the opportunity to settle meritorious claims without going through an avoidable trial." Wood v. Riverside Gen. Hosp., Cal. App. 4th 1113, 1117 (1994). Defendants' only argument against allowing the limitations period to be tolled is solely based on procedural rule violations. If equitable tolling were not permitted here, all of Plaintiff's cognizable claims would be dismissed simply because Plaintiff was still attempting to comply with the procedural requirements by exhausting all administrative remedies prior to filing a cause of action. Thus, the Court finds that the principle of equitable tolling should be applied to render Plaintiff's Complaint valid despite being filed outside the six month limitation period.

## IV.   MOTION FOR AN ORDER REQUIRING SECURITY FROM A VEXATIOUS LITIGANT

### A.   Legal Standard

Under Local Rule 151(b) (Security for Costs), this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants . . . as a procedural rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby." L.R. 151(b).  Section 391.1 of Title 3A, part 2, provides:

". . . a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a

reasonable probability that he or she will prevail in the litigation against the moving defendant."

Cal. Civ. Proc. Code § 391.1.

Under California law, a "vexatious litigant" is a person who does any of the following:

(1)   In the immediately preceding seven-year period has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2)   After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, *in propria persona*, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3)   In any litigation while acting *in propria persona*, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4)   Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Civ. Proc. Code § 391.

However, this Court looks to federal law for the definition of vexatiousness—not California law. Under federal law, the criteria under which a litigant may be found vexatious are narrower and more stringent than under state law. The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012). Litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. See De Long v. Henessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (emphasis added) (before a district court issues a pre-filing injunction against a *pro se* litigant, it is incumbent on the Court to make substantive findings as to the frivolous or harassing nature of the litigant's actions).

**B.**     **Defendants' Position**

Defendants argue that Plaintiff qualifies as a vexatious litigant because he was declared a vexatious litigant by the Kern County Superior Court in two separate actions and has commenced, prosecuted, or maintained *pro se* more than five unsuccessful actions in the last seven years. In support, Defendant has identified the following allegedly unsuccessful cases.[5]

1.    **Goolsby v. Cate (RJN Ex. A.), Kern County Superior Court, Case No. S-1500-cv-270062 SPC**

This case was filed on March 29, 2010. Plaintiff alleged a due process violation against Defendants Holland, Steadman, and other CCI officials for assigning him an indeterminate SHU sentence on July 21, 2009. The court sustained Defendants' demurrer without leave to amend on May 31, 2011.[6]

2.    **Goolsby v. Cate (RJN Ex. B.), California Court of Appeal, Fifth Appellate District, Case No. F062844**

This is the appeal of Case No. 1500-cv-270062 SPC. The Court of Appeal affirmed the trial court's judgment on June 11, 2012.

3.    **Goolsby v. Tate (RJN Ex. C.), Kern County Superior Court, Case No. S-1500-cv-270541**

This case was filed on February 19, 2010. Plaintiff alleged personal injury and negligence. The court granted Defendant's motion for summary judgment and entered judgment on July 13, 2011.[7]

4.    **Goolsby v. Cate (RJN Ex. D.), Kern County Superior Court, Case No. S-1500-CL-266864**

This case was filed on March 15, 2012. Plaintiff alleged denial of adequate out-of-cell exercise time against Defendants Holland, Stainer, and Lundy. On October 1, 2012, the court declared Plaintiff a vexatious litigant. The court also

---

[5] Defendants have filed requests for the Court to take judicial notice of Court dockets, pleadings, orders in other cases brought by Plaintiff, and PACER printouts, and Defendants have submitted documents for judicial notice, as exhibits to the requests.  (ECF No. 75-2.) Plaintiff has not opposed Defendants' requests.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of "a fact that (1) is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The court may take judicial notice of its own records in other cases, as well as records of an inferior court in other cases," U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), records of state agencies and other undisputed matters of public record, Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004), and undisputed information on a government website, see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999-00 (9th Cir. 2010). The Court finds Defendants' records to be appropriate for judicial notice. Therefore, Defendants' requests for judicial notice are granted.

[6] Plaintiff alleges that this was a state tort lawsuit that was not frivolous.

[7] Plaintiff alleges that this was a state tort lawsuit challenging his medical care at CCI and that he lost on Defendants' motion for summary judgment due to not having the funds to hire his own expert witness and exhaustion issues.

found that Plaintiff was unlikely to succeed on the merits of his claim. Plaintiff was ordered to post security of $9,100 by February 11, 2013. Plaintiff did not post security and the case was dismissed on April 15, 2013.[8]

5.   **Goolsby v. Superior Court (Cate) (RJN Ex. E.), Kern County Superior Court, Appellant Division, Case No. S-1500-AP-808**

This is the appeal of Case No. S-1500-CL-266864. The Appellant Division affirmed the trial court's order finding Plaintiff to be a vexatious litigant on January 24, 2014.

6.   **Goolsby v. Superior Court of Kern County (RJN Ex. F.), California Court of Appeal, Fifth Appellate District, Case No. F066088**

Plaintiff petitioned the Court of Appeal to reverse the trial court's order finding him a vexatious litigant in Case No. S-1500-CL-266864. The Court of Appeal denied Plaintiff's petition for writ of mandate on November 21, 2012.[9]

7.   **Goolsby v. Scarlet (RJN Ex. G.), Kern County Superior Court, Case No. S-1500-cv-270540-LHB**

This case was filed on February 19, 2010. Plaintiff alleged that two correctional officers placed him in an area that exposed him to residual pepper spray. The court declared Plaintiff a vexatious litigant; the court also found that Plaintiff was unlikely to succeed on the merits of his claim. Plaintiff was ordered to post security of $6,500. Plaintiff did not post security and the case was dismissed.[10]

8.   **Goolsby v. Scarlet (RJN Ex. H.), California Court of Appeal, Fifth Appellate District, Case No. F070759**

This is the appeal of Case No. S-1500-cv-270540-LHB. The Court of Appeal denied Plaintiff's petition for writ of mandate and affirmed the lower court's order.[11]

9.   **Goolsby v. Superior Court (Cate) (RJN Ex. I.), Kern County Superior Court, Case No. S-1500-AP-800**

Plaintiff filed a petition for writ of mandate to the Kern County Superior Court. The court denied Plaintiff's petition for writ of mandate on October 26, 2012.[12]

---

[8] Plaintiff alleges that he was erroneously declared a vexatious litigant in Case No. S-1500-CL-266864 due to not fully understanding the state court's procedural rules. Additionally, court call issues resulted in Plaintiff having a difficult time defending Defendants' motion to declare Plaintiff a vexatious litigant. Plaintiff alleges that this case was dismissed without prejudice and that the reason for dismissal was for failure to post security, not anything on the merits of the case.

[9] Plaintiff alleges that this was a writ of mandate that was summarily denied and as such, it does not count as a final adverse civil action.

[10] Plaintiff alleges that this case was prosecuted for over four years in state court and survived a demurrer only to be swept up with the vexatious litigant ruling and dismissed for security not being posted. Plaintiff alleges it does not count as a final adverse civil action because it was dismissed for failing to post security, and it was not actually litigated on the merits of his claim.

[11] Plaintiff alleges that this was a writ of mandate that was summarily denied and as such, it does not count as a final adverse civil action.

[12] Plaintiff alleges that this was a writ of mandate that was summarily denied and as such, it does not count as a final adverse civil action.

10. **Goolsby v. Superior Court (Stainer) (RJN Ex. J.), Kern County Superior Court, Case No. S-1500-AP-799**

Plaintiff filed a petition for writ of mandate to the Kern County Superior Court. The court denied Plaintiff's petition for writ of mandate on October 26, 2012.[13]

11. **Goolsby v. Ridge (RJN Ex. K.), U.S. Court of Appeals, Ninth Circuit, Case No. 11-55965**

This is the appeal of a lower court's screening order dismissing certain claims with prejudice. The Court of Appeal found that except for Plaintiff's motion for preliminary relief, the screening order was non-appealable. Plaintiff voluntarily dismissed the appeal on August 3, 2011.[14]

12. **Goolsby v. Stainer (RJN Ex. L.), U.S. Court of Appeals, Ninth Circuit, Case No. 12-70963**

Plaintiff filed a petition for writ of mandate to order the District Court to screen his complaint. The Court of Appeal denied Plaintiff's petition for writ of mandate on July 10, 2012.

13. **Goolsby v. Steadman (RJN Ex. M.), U.S. District Court, Eastern District of California, Case No. 1:11-cv-00394 LJO-GSA**

Plaintiff filed a complaint under 42 U.S.C. § 1983. Judgment was entered for Defendants and the case was dismissed because the court found that Plaintiff had failed to exhaust an available administrative remedy.

14. **Goolsby v. Gentry (RJN Ex. T.), U.S. District Court, Eastern District of California, Case No. 1:11-cv-01773 LJO-DLB**

Plaintiff filed a complaint under 42 U.S.C. § 1983. Defendants' motion for summary judgment was granted and the case was dismissed.[15]

In addition to Plaintiff's history of bringing unsuccessful lawsuits and his being declared a vexatious litigant twice previously, Defendants argue that Plaintiff lacks a reasonable probability of success on the merits of his various claims.

Based on Defendants' evidence that Plaintiff is a vexatious litigant and is unlikely to prevail in this case, Defendants request that Plaintiff be required to post security in the amount

---

[13] Plaintiff alleges that this case involved defective plumbing claims based on state tort law as well as a writ of mandate. Plaintiff alleges that the writ of mandate was summarily denied, and that the case settled in Plaintiff's monetary favor. As such, Plaintiff contends that neither writs of mandate that are summarily denied nor settlements constitute final adverse civil actions.

[14] Plaintiff alleges that this case settled in his monetary favor, and as such, does not constitute a final adverse civil action under CCP §391.

[15] Plaintiff alleges that this case is not a final adverse civil action as it was dismissed on summary judgment, and his claims have not been heard on the merits. Additionally, Plaintiff alleges that he has appealed the order to the Ninth Circuit, and as such, it is not "final" within the meaning of CCP § 391.

of $20,400.00, for attorney's fees incurred by the State of California in litigating the action, and if Plaintiff fails to timely post security, that this case be dismissed.

### C.    Plaintiff's Position

Plaintiff does not dispute that he filed the above-referenced cases in the past seven years; however, Plaintiff argues that Defendants' motion to declare him a vexatious litigant relies exclusively on state law. Plaintiff asserts that his past cases, while not always successful, were not "frivolous, harassing or made for an improper purpose." Additionally, Plaintiff disputes Defendants' assertions that these cases were determined adversely to him. Furthermore, Plaintiff contends that none of his claims pertaining to a leaking roof or mold have ever been filed in any other lawsuit or court than this one. (Plaintiff's Opposition, Ex. A.) Lastly, Plaintiff argues that Defendants have failed to prove that Plaintiff lacks a probability to prevail on the merits of his claims.

Plaintiff maintains that he was erroneously declared a vexatious litigant in <u>Goolsby v. Cate</u>, Case No. S-1500-cl-266864 because of procedural rules and the extreme difficulty in defending Defendants' motion, as he was incarcerated and appearing via court call for every hearing and arranging those with prison staff was not always possible. (RJN Ex. D.) Plaintiff alleges that he was declared a vexatious litigant in <u>Goolsby v. Stainer</u> shortly after simply because he had not procedurally dismissed his two original State tort actions when refiling them in a combined federal suit. Moreover, the two findings focused on the number of suits Plaintiff had failed, as opposed to whether the suits were harassing or frivolous in nature as required under federal law.

### D.    Discussion

#### 1.    Vexatious Litigant

With respect to the finding of a vexatious litigant, the Court reiterates that the focus is on the number of suits that were frivolous or harassing in nature, rather than on the number of suits that were simply adversely decided. <u>See</u> <u>De Long</u>, 912 F.2d at 1147-48 (emphasis added). Even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

Morton v. Wagner, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007). The Ninth Circuit has held that "[a] complaint filed by a prisoner proceeding in forma pauperis is frivolous where it lacks an arguable basis either in law or fact." Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

After reviewing the previous cases filed by Plaintiff, the Court finds Plaintiff to be litigious, rather than vexatious under the federal standard. Plaintiff brought a variety of claims during a seven-year period, including adverse conditions of confinement, inadequate medical care, personal injury, and violations of due process. The named defendants, events, and claims vary over time from case to case, although Plaintiff did name some of the same defendants in more than one case. Under this record, Plaintiff cannot be declared vexatious for bringing the same unmeritorious claims in multiple cases.

Plaintiff contends that Goolsby v. Cate, Case No. S-1500-cl-266864, and three other cases comprise the state tort claims and writs pertaining to the same out-of-cell exercise claims that are currently before this Court. (RJN Ex. D.) As the claims were dismissed without prejudice, the claims were not final dispositions on the merits, and as such, Plaintiff is not precluded from refiling them here. Additionally, Plaintiff alleges that three of the cases Defendants cite to settled in his monetary favor. Plaintiff contends that two of the cases were prosecuted for over four years in state court and survived a demurrer only to be swept up with the vexatious litigant ruling and dismissed because he could not afford to post security. Another case ended at the summary judgment stage and did not see a final disposition on the merits.

This Court finds that at least one action was dismissed for failure to exhaust administrative remedies. Additionally, Plaintiff provided sufficient evidence that showed that some of the cited cases settled in his monetary favor. This Court believes that if Defendants were willing to entertain a settlement with Plaintiff, that there was at least some merit or

likelihood of success in Plaintiff's various claims, and that these claims were not frivolous, harassing, or for an improper purpose. Such cases do not demonstrate a malicious or vexatious intent of the Plaintiff. Nor does losing an action at the summary judgment phase, voluntarily dismissing an action, or having a habeas petition denied, demonstrate maliciousness or vexatiousness. As such, Defendants have failed to meet their burden in demonstrating that Plaintiff is a vexatious litigant.

### 2.   Reasonable Probability of Prevailing

Defendants assert that Plaintiff lacks a reasonable probability of success on the merits of his various claims. Defendants argue that: Plaintiff failed to properly exhaust an administrative remedy; Plaintiff failed to comply with the government tort claim requirements; Plaintiff's allegations do not amount to "threats, intimidation, or coercion" under the Bane Act; and Plaintiff is barred from bringing his claim based on the doctrine of res judicata. In regards to Plaintiff's claims relating to a leaking roof, Defendants additionally argue that Plaintiff has provided no evidence of deliberate indifference as to their leaking roof claim.

As part of their argument, Defendants allege that Plaintiff's claims regarding inadequate exercise time are barred by res judicata. Specifically, Defendants allege that on or around March 10, 2011, Plaintiff filed a Petition for Habeas Corpus in Kern County Superior Court alleging that, as of that date, he was receiving only two hours of exercise time every fourteen days. (RJN Ex. U.) The Court has reviewed Plaintiff's evidence and determined that the petition was denied on April 28, 2011 for failure to exhaust administrative remedies, not safety and security concerns. The Court notes that in the order denying Plaintiff's petition, the court stated that "[t]here is a caveat that safety and security measures take precedent" and that "[t]he need to ensure safety and security is paramount in secured or segregated housing." (RJN Ex. U.) This caveat is not the reason the petition was dismissed, however. The petition was dismissed because it was "procedurally defective since petitioner has failed to pursue and exhaust his administrative remedies, and has provided no evidence that he did so. Exhaustion of administrative remedies is a prerequisite to seeking habeas corpus relief." (RJN Ex. U.) As

such, Defendants' res judicata argument as to Plaintiff's probability of success on the merits of his claims is unconvincing.

Notably, Defendants provide no argument or evidence that Plaintiff's underlying factual allegations about the condition of the prison are untrue. Defendants' argument regarding the success of this case on its merits relies on procedural or technical arguments. Some of those arguments have already been rejected in this order. Moreover, the Court has screened Plaintiff's complaint and found that the allegations, if true, would state a colorable constitutional claim.

In sum, the Court does not find Plaintiff's suit frivolous or without merit, but instead finds that Plaintiff's Complaint brings forth sufficient claims and supporting evidence to proceed to a disposition on the merits.

Based on the foregoing, the Court finds that Plaintiff's behavior does not constitute sufficient harassment, annoyance, and abusive litigation for the Court to declare him a vexatious litigant. Additionally, the Court finds that Defendants have failed to provide sufficient evidence that would support a finding that Plaintiff does not have a reasonable likelihood of success on the merits. As such, Defendants' motion for an order requiring security from a vexatious litigant shall be denied.

## V.    CONCLUSION AND RECOMMENDATIONS

This Court recommends that Defendants are not entitled to summary judgment, as Plaintiff has provided sufficient evidence supporting a finding that Plaintiff has exhausted all administrative remedies, and has properly complied with all government tort claim actions. Additionally, this Court finds that Defendants have failed to provide evidence that Plaintiff's history of litigiousness amounts to a harassing, annoying, abusive or frivolous nature requiring a posting of security in order to proceed.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.    Defendants' motion for summary judgment, filed on March 8, 2016, be DENIED; and

2.    Defendants' motion for an order requiring security from a vexatious litigant,

filed on March 8, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2016**                    /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE