UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>          Defendants. | 1:13-cv-00119-DAD-EPG-PC<br><br>ORDER FOLLOWING DISCOVERY AND STATUS HEARING HELD ON JULY 19, 2016<br>(Resolves ECF No. 80.)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT HIS OPPOSITION TO DEFENDANTS' MOTION<br>(ECF No. 81.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR POSTPONEMENT OF DEPOSITION<br>(ECF No. 83.)<br><br>ORDER FOR DEFENDANTS TO SERVE DISCOVERY RESPONSES PURSUANT TO THIS ORDER<br><br>**Settlement Conference:**<br>     Monday, August 1, 2016, at 10:00 a.m.<br>     Courtroom  10 (EPG) |

## I.     BACKGROUND

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on January 25, 2013.  (ECF No. 1.) The case now proceeds with the Second Amended Complaint filed on June 6, 2014, on

Plaintiff's Eighth Amendment claims against defendants Warden Kimberly Holland, Warden Michael Stainer, and Captain J. Lundy, for denial of adequate outdoor exercise time; and defendants Captain J. Lundy, Sergeant S. Foster, Plumlee (Maintenance Supervisor), Warden Kimberly Holland, Correctional Officer Jordon, and Correctional Officer Uribe, for deliberate indifference to unsanitary and unsafe conditions.[1]  (ECF No. 34.)  The events at issue allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, during a thirteen-month period while Plaintiff was incarcerated there in segregated housing.

This case is now in the discovery phase, pursuant to the Court's amended discovery and scheduling order filed on December 8, 2015.  (ECF No. 64.)  The deadline for completion of discovery, including the filing of motions to compel, is August 8, 2016, and the deadline for filing pretrial dispositive motions is October 17, 2016.  (Id.)  This case is scheduled for a settlement conference before the undersigned on August 1, 2016 at 10:00 a.m.

## II.   STATUS CONFERENCE

On July 19, 2016 at 10:30 a.m., a telephonic status conference was held before Magistrate Judge Erica P. Grosjean.  Plaintiff appeared telephonically on his own behalf, and California Deputy Attorney General R. Lawrence Bragg appeared telephonically on behalf of Defendants.  Pending before the Court were Plaintiff's request for a hearing to resolve discovery disputes, filed on June 30, 2016 (ECF No. 80); Plaintiff's motion to supplement his opposition to Defendants' motion for summary judgment and to declare Plaintiff a vexatious litigant, filed on July 5, 2016 (ECF No. 81); and Plaintiff's motion for a protective order and/or postponement of deposition, filed on July 15, 2016 (ECF No. 83).

### A.   Discovery
#### 1.   Defendants

Defendants reported that they took Plaintiff's deposition on July 18, 2016 and are ready for the settlement conference.

///

---

[1] On March 24, 2015, the Court issued an order dismissing all other claims and defendants from this action, for Plaintiff's failure to state a claim under § 1983.  (ECF No. 36.)

### 2. **Plaintiff**

Plaintiff reported that he served discovery requests in May 2016, which were answered by Defendants in June 2016. Plaintiff also served additional requests, which are pending. Plaintiff raised the following discovery issues:

#### a. **Motion for Protective Order**

On July 15, 2016, Plaintiff filed a motion for a protective order and/or postponement of his deposition scheduled for July 18, 2016. (ECF No. 83.) At the July 19, 2016 hearing, Defendants reported that they had taken Plaintiff's deposition on July 18, 2016. Because the deposition was taken, Plaintiff's motion is moot.

#### b. **Memorandum**

On June 30, 2016, Plaintiff filed a notice of discovery disputes, in which he asserts that that Defendants "redacted a large portion of Operational procedure 111 and Memorandum dated January 8, 2010, authored by K. Holland, citing confidential information." (ECF No. 80 at 2.) At the hearing, Plaintiff requested an unredacted version of the Memo.

Plaintiff had requested documentation of the number of exercise modules in the IEM Yard (exercise yard) at CCI. Defendants asserted that they produced the Memo, which concerns the IEM Yard, because the number of exercise modules was given in the Memo, but they redacted the remainder of the Memo because it was not responsive to Plaintiff's request. Defendants also argued that the Memo is not relevant, because it concerns a time period different from the events at issue in this case.

The Court ordered that by **July 26, 2016**, Defendants are required to produce any part of the Memo which concerns inadequate exercise time, as specified in the Court's December 16, 2015 order. (ECF No. 72 at 2-3.) Redactions may be proper, i.e., if the Memo concerns issues wholly unrelated to exercise time. However, the fact that the Memo pre-dated events is not a basis to redact information regarding exercise. **By July 26, 2016**, Defendants are required to either make a supplemental production of documents to Plaintiff, or submit a brief report that no production was made.

///

### c.      Request for Admissions

In his notice of discovery disputes, Plaintiff asserted that defendant Stainer failed to admit, in response to Plaintiff's Request for Admissions No. 5, that the amount of exercise "offered to inmates like plaintiff on IEM/SMY yard status decreased after the conversion of 4A units 1-4 from GP to SHU." (ECF No. 80 at 3.)  At the hearing, Defendant objected on the ground that the issue is not whether the Plaintiff's exercise time was increased or decreased, but rather how much exercise Plaintiff was allowed.  Plaintiff argued that the change was relevant to the issue of deliberate indifference.  The Court ordered Defendant to respond to Plaintiff's Request for Admissions No. 5, **no later than August 5, 2016**.

Plaintiff also asserted that defendant Holland failed to admit that Plaintiff was not provided exercise consistent with Title 15 requirement of one hour per day, five days per week. Defendant argued that Plaintiff's request is overburdensome because it would require Defendant to discover how much exercise time was provided to Plaintiff day-by-day.  The Court altered Plaintiff's Request for Admissions No. 2 and ordered Defendants to admit, **no later than August 5, 2016**, that during the time Plaintiff was at CCI, he <u>never</u> was provided one hour per day, five days per week for exercise.  If Defendants denies this request, they shall provide a basis for that denial.

### d.      Work Orders

Plaintiff reported that the work orders produced by Defendants do not indicate when the ceiling was fixed.  The Court ordered that **by July 26, 2016**, Defendants must provide Plaintiff with all documents concerning the work orders for the IEM yard for the relevant time period, including any resolution of those work orders.

### e.      Request to Inspect Prison

On June 30, 2016, Plaintiff filed a notice of discovery dispute concerning his request to Defendants to make arrangements for him to "inspect CCI state prison and to photograph and video record the cell and section roof leaks, as well as video record plaintiff pouring food coloring in one of the toilets that backflow and flushing it, to show the backflow to the other

toilet, in all the toilets at issue." (ECF No. 80 at 3.) Plaintiff also requests to photograph the exercise yard.

Defendants objected to Plaintiff's request, on the ground that any inspection by Plaintiff at this juncture would not be relevant to the time period of Plaintiff's allegations. Defendants also argued that Plaintiff's request should not be granted because Plaintiff expects to make the inspection himself, and because he is not currently housed at CCI and would need to be transported there. Defendants also argued that Plaintiff's damages are minimal because: (1) the toilet did not actually overflow, Plaintiff merely needed to flush the toilet to resolve the problem, and Plaintiff did not suffer from skin infections; (2) Plaintiff did not require medical attention for the asthma he suffered from breathing mold; and (3) after Plaintiff slipped and fell on the wet floor, he only required an ice pack and pain medication, and has no resulting back problems. Defense counsel further indicated he expected an inspection would likely reveal a continuing problem with backflow of toilets because the prison has been denied funding to fix the issue.

The Court took the issue of inspection under advisement and invited Defendant to respond by **August 5, 2016**, to a Request for Admission that CCI continues to experience problems with backflow of toilets. Although Defendant contests the relevance of this request, especially as it concerns cells other than the Plaintiff's, the Court ruled that the presence of a continuing issue at CCI was sufficiently relevant for discovery, especially regarding deliberate indifference, and that ordinarily a Plaintiff would be entitled to inspect the premises as part of discovery. If Defendants fail to adequately respond to this request, the Court will take that into consideration in ruling on Plaintiff's request for an inspection.

### f.  Request to Take Depositions

In Plaintiff's notice of discovery disputes (ECF No. 80), he asserts that Defendants objected to his notice of depositions. Plaintiff seeks to take Defendants' depositions at Kern Valley State Prison, "using the prison's video equipment in lieu of a stenographer due to cost." (Id. at 2.) At the hearing, the Court directed Plaintiff to Rule 28 of the Federal Rules of Civil Procedure, which requires the presence of an officer authorized to take oaths, and Rule 30

which requires that a transcript be made of the deposition proceedings. Plaintiff was advised by the Court that he must show that he is able to comply with these requirements and pay the required costs before his request to take depositions will be considered.

### B. Motion for Summary Judgment

At the hearing, the Court discussed Defendants' pending motion for summary judgment, in which Defendants argue that Plaintiff is barred from bringing state law claims because he waited too long after the state denied his claims to file his lawsuit. Plaintiff asserts that he waited so long because he was still exhausting his prison appeal.

The Court asked defense counsel if Defendants would have moved to dismiss Plaintiff's claims for failure to exhaust if Plaintiff had filed his complaint while his appeal of the cancellation of his grievance was pending, even if the six-month period for filing after Government Claims had given permission were set to expire. Defense counsel said such a complaint would be subject to dismissal because they were separate requirements.

The Court stated that findings and recommendations addressing the motion will be issued before the August 1, 2016 settlement conference.

### C. Motion to Supplement Opposition

On July 5, 2016, Plaintiff filed a motion to supplement his opposition to Defendants' motion for summary judgment and to declare Plaintiff a vexatious litigant. (ECF No. 81.) At the hearing, the Court granted Plaintiff's motion to supplement his opposition, with evidence of the disposition of Plaintiff's other case 1:11-cv-01773-LJO-DLB, Goosby v. Gentry, which Plaintiff submitted to the Court on July 5, 2016. (ECF No. 81.) Defendants may file a reply to the supplemented opposition **on or before July 25, 2016**.

### D. Request for Extension of Discovery Deadline

Plaintiff requested an extension of the deadline to complete discovery. The Court denied the request and will not allow extra time beyond the August 8, 2016 discovery deadline for the filing of motions to compel. That said, Defendants need to respond to outstanding requests notwithstanding the discovery deadline.

///

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to supplement his opposition to Defendants' motion for summary judgment and to declare Plaintiff a vexatious litigant, filed on July 5, 2016, is GRANTED, and Defendants may file a reply to the supplemented opposition **on or before July 25, 2016**;

2. Plaintiff's motion for a protective order and/or postponement of deposition, filed on July 15, 2016, is DENIED as moot.

3. Defendants are ordered to serve discovery responses as instructed by this order; and

4. A Settlement Conference is scheduled for August 1, 2016, at 10:00 a.m., before Magistrate Judge Erica P. Grosjean.

IT IS SO ORDERED.

Dated:   **July 29, 2016**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE