UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. 1:13-cv-00119-DAD-EPG-PC<br><br>ORDER GIVING FULL EFFECT TO STIPULATION TO DISMISS CASE, WITH PREJUDICE, UNDER RULE 41, AND ORDERING CLERK TO CLOSE CASE<br><br>(Doc. No. 90) |

Plaintiff Thomas Goolsby is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case now proceeds on the second amended complaint filed on June 6, 2014, in which plaintiff alleges Eighth Amendment claims against defendants Warden Holland, Warden Stainer, and Captain J. Lundy, for denial of adequate outdoor exercise time; and defendants Captain J. Lundy, Sergeant S. Foster, Plumlee (Maintenance Supervisor), Warden Holland, Correctional Officer Jordan, and Correctional Officer Uribe, for deliberate indifference to unsanitary and unsafe conditions of confinement.[1]  (Doc. No. 34.)

On August 22, 2016, a stipulation for voluntary dismissal with prejudice was filed with the court, reflecting the signatures of plaintiff and counsel for defendants Holland, Stainer,

---

[1] On March 24, 2015, the court issued an order dismissing all other claims and defendants from this action, due to plaintiff's failure to state a claim under § 1983. (Doc. No. 36.)

1

Lundy, Foster, Plumlee, Jordon, and Uribe. (Doc. No. 90.) The parties' stipulation states that plaintiff Thomas Goolsby and defendants Foster, Holland, Jordan, Lundy, Plumlee, Stainer, and Uribe have resolved this case in its entirety and therefore stipulate to the dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows plaintiffs to "dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." *See also Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016). The stipulation filed on August 22, 2016 is signed by all parties who have appeared in this action. Therefore, the parties' stipulation is given full force and effect, and this case is dismissed with prejudice. The clerk shall close the case.

Accordingly:

1. The parties' stipulation for voluntary dismissal of this action with prejudice is effective as of the date it was filed;
2. This case is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 7, 2016**                              _Dale A. Drozd_
                                                           UNITED STATES DISTRICT JUDGE